UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20215-CIV-ALTONAGA/Brown
CASE NO. 10-20545-CIV-ALTONAGA/Brown
CASE NO. 10-20546-CIV-ALTONAGA/Brown

**ANNETTE HOLGUIN**,

    Plaintiff,

vs.

**CELEBRITY CRUISES, INC.**;
and **JUNGLE TREKKING
ADVENTURE SAFARI**,

    Defendants.
_____/

### ORDER

**THIS CAUSE** came before the Court upon Defendant, Celebrity Cruises, Inc.'s ("Celebrity['s]") Motions to Dismiss (the "Motions") (Case 10-20215 [D.E. 18]; Case 10-20545 [D.E. 14]; Case 10-20546 [D.E. 19]), filed March 29, 2010.  Celebrity moves to dismiss Plaintiffs' Complaints under Federal Rule of Civil Procedure 12(b)(6).  The Court has considered the parties' written submissions, the record, and the applicable law.

### I. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### II. ANALYSIS

Plaintiffs' Complaints are identical, and Celebrity moves to dismiss them on the same grounds.  Celebrity asserts Count I, negligence, should be dismissed because the Complaints allege

Case No. 10-20215-CIV-ALTONAGA/Brown<br>
Case No. 10-20545-CIV-ALTONAGA/Brown<br>
Case No. 10-20546-CIV-ALTONAGA/Brown

duties not owed to Plaintiffs. And as to Count IV, negligent misrepresentation, Celebrity asserts: (1) Plaintiffs have failed to plead their claim with particularity as required by Federal Rule of Civil Procedure 9(b); (2) Plaintiffs cannot establish justifiable reliance; and (3) Plaintiffs seek unrecoverable damages.

### A.     Count I — Negligence

Count I states a claim even though it may allege "various duties" not owed to Plaintiffs. Celebrity seeks to dismiss only some of the duties alleged in the Complaint; and in the Motions (and the Replies) Celebrity acknowledges two specific duties it owed Plaintiffs. The Court will not strike alleged duties from the Complaints in line-item fashion. It is sufficient that Count I alleges facts supporting *a* duty of care. *See Balaschak v. Celebrity Cruises, Inc.*, No. 09-21196-CIV-ALTONAGA/Brown, at *11 (S.D. Fla. Sept. 14, 2009) (order granting in part motion to dismiss).

### B.     Count IV — Negligent Misrepresentation

To state a claim for negligent misrepresentation under Florida law, a plaintiff must allege the following:

> (1) misrepresentation of a material fact; (2) that the representor made the misrepresentation without knowledge as to its truth or falsity or under circumstances in which he ought to have known of its falsity; (3) that the representor intended that the misrepresentation induce another to act on it; and (4) that injury resulted to the party acting in justifiable reliance on the misrepresentation.

*Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1355 (S.D. Fla. 2009) (citing *Wallerstein v. Hosp. Corp. of Am.*, 573 So. 2d 9, 10 (Fla. 4th DCA 1990)).

Celebrity asserts negligent misrepresentation must be pled with particularity under Rule 9(b) because it sounds in fraud. *See Lin v. Metrobank of Dade County*, No. 09-22357-CV, 2010 WL

Case No. 10-20215-CIV-ALTONAGA/Brown<br>
Case No. 10-20545-CIV-ALTONAGA/Brown<br>
Case No. 10-20546-CIV-ALTONAGA/Brown

431871, at *1 (S.D. Fla. Feb. 2, 2010) (dismissing negligent misrepresentation and fraud claims so that plaintiff could re-allege them with the detail Rule 9(b) requires); *Ostreyko v. B.C. Morton Org., Inc.*, 310 So. 2d 316, 318 (Fla. 3d DCA 1975) ("In [Florida], a negligent misrepresentation is considered tantamount to actionable fraud."). Plaintiffs appear to concede the pleading requirement, as they do not argue otherwise.[1]

Rule 9(b) requires that a plaintiff plead material misrepresentations or omissions with particularity. A plaintiff must allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation and internal quotation marks omitted); *accord Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). The particularity rule alerts defendants to their precise misconduct and protects defendants against baseless charges of fraudulent behavior. *See Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988).

Plaintiffs have failed to plead the alleged misrepresentations with particularity. Although "Rule 9(b) must be read in conjunction with the liberal notice pleading standard of Fed. R. Civ. P. 8," *Flamenbaum v. Orient Lines, Inc.*, No. 03-22549-CIV, 2004 WL 1773207, at *6 (S.D. Fla. July 20, 2004), Plaintiffs have done nothing more than: (1) provide a non-inclusive list of documents they

---

[1] In *Balaschak* the undersigned did not analyze the plaintiff's negligent representation claim under Rule 9(b) because "Celebrity "d[id] not provide law that a negligent-misrepresentation claim under Florida law sounds in fraud." *Balaschak*, No. 09-21196-CIV-ALTONAGA/Brown, at *14.

Case No. 10-20215-CIV-ALTONAGA/Brown<br>
Case No. 10-20545-CIV-ALTONAGA/Brown<br>
Case No. 10-20546-CIV-ALTONAGA/Brown

relied upon (*see* Am. Compl. [D.E. 7] ¶¶ 10, 28 (Case 10-20215)); (2) provide a list of misrepresentations that could have been made in any — or none — of these documents (*see id.* ¶ 60); (3) allege the statements were, collectively, made sometime prior to booking the excursion (*see id.* ¶ 28); and (4) allege the statements were, collectively, made by Celebrity *and* Jungle Trekking (*see id.* ¶ 29). Plaintiffs have not identified which statements were made in which documents, the time and place of each statement, and the defendant responsible for each statement. In addition, neither case Plaintiffs rely upon is instructive because the cases do not discuss the Rule 9(b) pleading standard. *See Fojtasek*, 613 F. Supp. 2d at 1355; *Amaral v. Crown Mortgage Group & Assocs.*, No. 07-61102-CIV-COHN, 2008 WL 1994841, at *5 (S.D. Fla. May 5, 2008). Therefore, Count IV is dismissed so that Plaintiffs may re-plead their negligent misrepresentation claim in compliance with Rule 9(b).

Since Count IV fails to plead negligent misrepresentation with particularity, the Court need not address Celebrity's other arguments at this time.

### III. CONCLUSION

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motions (Case 10-20215 [D.E. 18]; Case 10-20545 [D.E. 14]; Case 10-20546 [D.E. 19]) are **GRANTED IN PART**.

2. Count IV (negligent misrepresentation) is **DISMISSED WITHOUT PREJUDICE**.

3. If Plaintiffs wish to re-plead Count IV, they shall file amended complaints on or before **May 17, 2010**.

Case No. 10-20215-CIV-ALTONAGA/Brown<br>
Case No. 10-20545-CIV-ALTONAGA/Brown<br>
Case No. 10-20546-CIV-ALTONAGA/Brown

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of May, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record