10-20215.o1

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-20215-CIV-ALTONAGA-BROWN

ANNETTE HOLGUIN,

    Plaintiff,

vs.

CELEBRITY CRUISES, INC., and
JUNGLE TREKKING ADVENTURES AND
SAFARI, INC.,

    Defendants.

_____/

## ORDER ON PENDING MOTIONS

**THIS MATTER** is before the Court on Plaintiff's Motion for Protective Order...(D.E. 58) and on Plaintiff's Motion to Quash Subpoena Duces Tecum; or Alternatively to Modify the Subpoena to Prevent Disclosure of materials Except for Those Appropriately Limited in Time and For a Protective Order Regarding Plaintiff Annette Holguin's Private Financial and Privileged Information as Well as Information Which Has Been Previously Produced (D.E. 59). The Court has considered the motions, the responses, the replies, and all pertinent materials in the file. Essentially, the same arguments and issues are raised in both motions.[1]

Initially, the Court finds merit to defendant's position that plaintiff has filed to comply with Local Rule 7.1.A.3. Defendant's supported argument at pages 5 and 8 of the respective responses suggests that, at best, "lip service" was all that plaintiff did to comply with said rule. The fact that this argument was not even addressed in the reply lends further support to same. On this basis alone, the motion could be denied.

---

[1] Plaintiff clearly has standing to raise objections to the production of her own personal medical and financial information.

1

Secondly, as to the dispute between ten years and five, the Court finds that ten years is not unreasonable and so holds. Thirdly, as it regards the medical/psychotherapeutic records and tax records at issue, the Court agrees with the language cited by defendant supporting the disclosure of same. No court that this Court is aware of holds that when a plaintiff puts matters at issue that directly implicate potentially privileged matters (as in this case), defendants are nonetheless barred from investigating same. Indeed California law supports this conclusion on both fronts. See, e.g., Cal. Evid. Code §1016 (a) (2009) (mental or emotional condition); Scull v. The Superior Court of Santa Barbara County, 206 Cal. App. 3d 784, 790-91, 254 Cal. Rptr. 24, 27-28 (2d Dist.1988) (same); see also Schnabel v. The Superior Court, 854 P.2d 1117, 1126-29 (Cal. 1993)(tax returns); Wilson v. The Superior Court of Sacramento County, 63 Cal. App. 3d 825, 829-31,134 Cal. Rptr. 130, 132-34 (3d Dist. 1976) (same); Newson v. City of Oakland, 37 Cal. App. 3d 1050, 1055, 112 Cal. Rptr. 890, 892-94 (1st Dist. 1974) (same).

With respect to insurance records, any privilege which may have existed has either been waived through documents already disclosed, or alternatively, the medical information contained therein is subject to disclosure, as discussed in the preceding paragraph.[2] Furthermore, the California statute cited by Plaintiff provides that an insurance company may disclose information "[i]n response to a facially valid administrative or judicial order, including a search warrant or subpoena." Cal.Ins.Code §791.13(h).

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motions be and the same are hereby **DENIED**, except

---

[2] Plaintiff cites no authority in support of its argument that collateral source information is privileged or otherwise not subject to disclosure.

as modified herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of June, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Honorable Cecilia M. Altonaga
     Counsel of record

as modified herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of ~~June,~~ 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Honorable Cecilia M. Altonaga
     Counsel of record

3